CHATMAN *v.* MODERN BUILDERS, INC., et al.

No. 40008 March 26, 1956 86 So. 2d 350

*Floyd & Holleman,* Gulfport, for appellant.

*Morse & Morse,* Gulfport, for appellees.

McGehee, C.J.

The appeal here is from a judgment of the Circuit Court of Harrison county which was rendered in favor of the appellees, Modern Builders, Inc., and Maryland

Casualty Company, against the appellant, Ida Mae Chatman, a claimant for workmen's compensation benefits arising from the death of her seventeen-year-old son, Cynea Chatman, an employee of the Modern Builders, Inc. The judgment of the circuit court affirmed the decision of the Mississippi Workmen's Compensation Commission which affirmed the decision of the Attorney Referee in denying the appellant's claim on the ground that the death of the employee did not arise out of or in the course of his employment.

Cynea Chatman was killed by Charles Booth, a fellow employee. The claimant was largely dependent upon her deceased son at the time of his death. Both Cynea Chatman and Charles Booth had procured employment at the concrete block manufacturing plant of the Modern Builders, Inc., at Gulfport, during the early part of February 1954. The killing occurred on March 2, 1954 in the home of Charles Booth. The two employees had delivered two loads of concrete blocks to a customer in North Gulfport. They consumed their usual lunch hour of from twelve to one o'clock that day in delivering the blocks at the home of the customer, and while en route back to the plant of their employer, they stopped first at the home of Cynea Chatman where he got something to eat, and then deviated from their return route toward the place of business of the employer to the home of Charles Booth for him to get something to eat. While in the home of the later, the said Cynea Chatman undertook to pull the neck of. Charles Booth because of the fact that he had a crick therein which was painful; and when Chatman pulled the neck of Booth, the latter slapped him and the final result was that they became engaged in a tussle during which Booth cut Chatman with a knife and from which wound Chatman died en route back to the plant of the employer but at a time when he had travelled in the truck only approximately a block from the Booth home. Booth did not accompany Chat-

man in the truck after he left Booth's home about 1:45 p. m., but instead went to his father's home from where his father took him to the officers to surrender.

Booth was indicted and tried for murder, but was acquitted by the jury on the theory of self-defense.

Upon the hearing before the Attorney Referee the entire transcript of the testimony at the murder trial was introduced in evidence. The claimant, Ida Mae Chatman, testified as to bad feeling having existed between Cynea Chatman and Charles Booth during most of their period of employment because of the fact that Booth had aided Cynea Chatman in getting his employment and the latter had been promoted and given an increase in wages as an operator of the concrete block machine, and the elder of the two employees was not given a promotion and increase in wages. And it is the theory of the claimant that the state of ill will existing between the two employees on account of their work had contributed to the fatal altercation and the death of Cynea Chatman. The witness, Ernestine McGee, who was the sister of Charles Booth, was the only other eyewitness to the killing. Charles lived with her in her home where the killing occurred. Ernestine admitted having told the officers that Cynea Chatman did not have a knife during the fatal encounter, but changed her testimony a time or two on the murder trial as to whether or not Cynea Chatman had a knife in his hand at the time he was cut by Booth, and also as to whether or not they were engaged in a struggle with each other in her home. Her testimony was almost equally as unsatisfactory before the Attorney Referee. Charles Booth did not testify before the Attorney Referee, but his testimony at the murder trial was introduced and it disclosed that after the accident occurred, when Cynea Chatman pulled Booth's sore neck and before they became engaged in a struggle, he had proposed to Chatman, in substance, that "since we are friends, let's go back to work," but that

Chatman then undertook to cut him with a knife after Booth had proposed that they go on back to work, and that during the struggle he cut Chatman in self-defense.

 Of course the verdict of the jury in acquitting Booth of the charge of murder or manslaughter is not controlling on the issue of whether the employee, Chatman, was engaged in a willful attempt to injure or kill another at the time he received his knife wound, since in the trial of the criminal case the law required that the proof establish guilt beyond every reasonable doubt, whereas on the hearing before the Attorney Referee the issue was to be determined by the preponderance of the evidence.

 Nevertheless, in view of the foregoing summary of the testimony, we think that there was clearly presented an issue of fact, where the testimony of both Charles Booth and Ernestine McGee supported the theory that Chatman had drawn a knife before he was cut and wounded by Booth, and where, on the other hand, no knife was found on the floor in the room where the struggle occurred and the closed knife of Cynea Chatman was found in his pocket by the undertaker.

The factual situation in the case of Mutual Implement & Hardware Ins. Co. et al v. Pittman, 214 Miss. 823, 59 So. 2d 547, is distinguishable from the facts in the instant case. In the Pittman case the employees were on the job and about their work when the assault and battery on the claimant by a fellow employee occurred. Then, too, the Attorney Referee in the case at bar cannot be said to have been manifestly wrong in concluding that the pulling of Booth's sore neck by the employee Chatman was the sole proximate cause of the ensuing altercation; and that since the fatal altercation occurred in the home of Booth and away from the premises of the employer, there was no causal connection between the work in which they had been engaged and the personal difficulty on the occasion of the knife wound inflicted by the fellow employee.

██ ██ We do not feel justified in upsetting the decision of the Attorney Referee, the full Commission, and the decision of the circuit court in denying compensation on the ground that the death of the employee did not arise out of and in the course of his employment under all of the facts and circumstances hereinbefore mentioned.

Affirmed.

*Lee, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.